# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| COLUMBUS M. JOYCE, | ) | |
| Plaintiff, | ) ) ) | |
| VS. | ) ) | No. 18-2848-JDT-cgc |
| SHELBY COUNTY, ET AL., | ) ) ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO APPOINT COUNSEL, DISMISSING COMPLAINT, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On December 7, 2018, Plaintiff Columbus M. Joyce, who is incarcerated at the Shelby County Criminal Justice Center (Jail) in Memphis, Tennessee, filed a *pro se* civil complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The complaint concerns his previous incarceration at the Shelby County Division of Corrections (SCDC). The Court issued an order on December 12, 2018, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 7.) The Clerk shall record the Defendants as Shelby County;[1] Corrections Officer Kimberly Wallace; First Name Unknown (FNU) Lee; A. Rodgers, Maintainance Inspector; Sergeant FNU Owens; Corrections Officer T. Green; Sgt. FNU Woodduff; and Nurse FNU Douglass.

The allegations in Joyce's complaint concern injuries he sustained when he slipped and fell on a wet floor at the SCDC on March 27, 2018. These allegations are the same as the

---

[1] Any claims against the SCDC are treated as claims against Shelby County.

allegations in a previous case filed by Joyce on April 25, 2018. *See Joyce v. Alexander, et al.*, No. 2:18-cv-2282-JDT-cgc, 2018 WL 6173900 (W.D. Tenn. Nov. 26, 2018), *aff'd*, No. 18-6351 (6th Cir. Mar. 19, 2019). In fact, in a letter attached to the complaint in the present case Joyce states:

> I filed a suit against [SCDC] April 26, 2018 an [sic] my case . . . was dismiss[ed] for failure to state a claim[.] That hurt my feelings I paid $400.00 filing fees I didn't have[.] It was my first time doing a civil suit but I'm re-filing my suit with a statement of claim.

(ECF No. 1-1 at PageID 5.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to

make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Joyce's complaint is filed on the form used for commencing actions pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

All of the Defendants in this case, except Defendant Douglass, also were named in case number 18-2282. The Court dismissed that prior complaint because Joyce alleged only that his injuries were the result of the Defendants' negligence, which is not a proper basis for liability under § 1983. Case No. 18-2282, 2018 WL 6173900, at *4-5. In this case, Joyce again alleges,

at most, that the Defendants were negligent. Therefore, the claims against Defendants Shelby County, Wallace, Lee, Rodgers, Owens, Green and Woodruff are barred by the doctrine of issue preclusion.

> Four specific requirements must be met before collateral estoppel may be applied to bar litigation of an issue: (1) the precise issue must have been raised and actually litigated in the prior proceedings; (2) the determination of the issue must have been necessary to the outcome of the prior proceedings; (3) the prior proceedings must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 589-90 (6th Cir. 2009); *see also Fentress v. Tenn. Dep't of Corr.*, No. 3:19-cv-00201, 2019 WL 1331016, at *2 (M.D. Tenn. Mar. 25, 2019). Each of these requirements is satisfied in this case.

Joyce also fails to state a claim under 42 U.S.C. § 1983 against Defendant Douglass, as there are no allegations in the complaint that his actions were wrongful. The only allegation concerning Douglass seems to be that he responded when a code white was called after Joyce's fall. (ECF No. 1 at PageID 2; ECF No. 1-1 at PageID 4-5.) When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

For the foregoing reasons, Joyce's complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not

4

required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that leave to amend is not warranted.

In conclusion, the Court DISMISSES Joyce's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Joyce in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Joyce would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Joyce nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)-(b). Therefore, Joyce is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Joyce, this is the fourth dismissal of one of his cases as frivolous or for failure to state a claim.[2] This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).[3]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                   s/ **James D. Todd**
                                                   JAMES D. TODD
                                                   UNITED STATES DISTRICT JUDGE

---

[2] In addition to *Joyce v. Alexander, et al.*, No. 18-2282-JDT-cgc, Joyce also previously filed *Joyce v. Fields, et al.*, No. 2:18-cv-02628-JDT-cgc (W.D. Tenn. Apr. 23, 2019) (dismissed for failure to state a claim), and *Joyce v. Shelby Cnty. Justice Complex, et al.*, No. 99-2706-JPM (W.D. Tenn. Aug. 31, 1999) (dismissed as frivolous).

[3] The order of dismissal in case number 18-2628 assessed a third strike under 28 U.S.C. § 1915(g) and notified Joyce of the resulting restrictions on any new complaints.